# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND.

This is a textbook case of lack of in personam jurisdiction.

Claimant KIRBY MORGAIN INC., a California Corporation ("KM") filed its Claim in Arbitration before the American Arbitration Association ("AAA") on September 4, 2008. Please see Declaration of David Smith in support of this petition, **Exhibit A**. KM names HYDROSPACE LTD, A Scottish Limited Liability Corporation ("Hydrospace") and DAVID SMITH, a citizen of the United Kingdom and resident of Scotland ("Smith") as Respondents.

Hydrospace signed a Dealer Agreement on June 23, 2003 which allowed it to promote, market, sell and service KM products as specified by the Agreement in the British Isles. Please see Declaration of David Smith in support of this petition, **Exhibit B**. Smith is the Director of Hydrospace and signed the contract on behalf of Hydrospace as its designated agent.

On July 24, 2008 KM cancelled the Dealer Agreement. On September 4, 2008 KM filed the subject Claim in Arbitration wherein KM alleges Hydrospace *and Smith* (a non-party to the Agreement and thus not bound by the arbitration clause) engaged in unfair competition. KM also seeks to enjoin competition for the next two years.

First, Hydrospace is the only party to the Dealer Agreement; not Smith. Second, as established by the attached Declaration by Smith, Smith is a citizen of the United Kingdom and a resident of Scotland. He was not physically in California at any point during the negotiation of the Dealer Agreement, the execution of the Dealer Agreement *or any time thereafter*.

Accordingly, Smith moves to quash service of the arbitration demand on him on the grounds this Court and the AAA lack personal jurisdiction over him. Smith's due process rights and individual liberty interests would be severely prejudiced if he were forced to litigate in this forum.

As Smith has absolutely no contacts with the State of California, requiring Smith to litigate this matter in California would offend traditional notions of due process as well as Smith's individual liberty interests. The time to draw the line is now.

---

1

PETITION TO QUASH BY DAVID SMITH

31121353v1 891833 68704

## II. STANDARDS FOR PERSONAL JURISDICTION.

A party challenging personal jurisdiction in federal court may raise such challenge in an initial motion. Rutter Group Practice Guide: Federal Civil Procedure Before Trial, 9th Circuit Edition, *Personal Judrisdiction,* 3:65. California law requires Smith to make a "special appearance," by which participation in the lawsuit is limited solely to the jurisdictional issue. Smith makes it clear he is not asking this court to weigh in on the merits.

Federal courts have no inherent power to exercise jurisdiction over out-of-state residents. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.* (1987) 484 US 97, 108, 108 S.Ct. 404, 412. "In a case based on diversity jurisdiction, a federal court applies the personal jurisdiction rules of the forum state provided the exercise of jurisdiction comports with due process." *Scott v. Breeland* (9th Cir.1986) 792 F.2d 925, 927. Because California imposes no greater restrictions than does the United States Constitution (California *Code of Civil Procedure* §410.10) "federal courts in California may exercise jurisdiction to the fullest extent permitted by due process." *Scott,* 792 F.2d at 927; *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.* (9th Cir.1986) 784 F.2d 1392, 1396.

It is not Smith's burden to show an absence of personal jurisdiction. It is KM's burden to establish that all jurisdictional criteria have been met. *Ziller Electronics Lab GmbH v. Superior Court* (1988) 206 Cal.App.3d 1222, 1233, 254 Cal.Rptr. 410. KM has not and cannot allege any facts in its Claim for Arbitration which would support a finding of personal jurisdiction over Smith.

### A. General Jurisdiction.

The California courts, this Court and/or AAA can only have personal jurisdiction over Smith as provided in the "long arm" statute in effect in California. *Aanestad v. Beech Aircraft Corp.,* (9th Cir.1974) 521 F.2d 1298. The California long arm statute provides the court "may exercise jurisdiction on any basis not inconsistent with the Constitution." California *Code of Civil Procedure* §410.10. In other words, the California statute provides for personal jurisdiction that is coextensive with United States Supreme Court decisions defining the limits of federal due process. *Data Disc, Inc. v. Systems Technology Associates* (9th Cir.1977) 557 F.2d 1280, 1286.

Due process is satisfied if the party is served within the state, *Burnham v. Superior Court* (1990) 495 U.S. 604, domiciled in the state, *Milliken v. Meyer* (1940) 311 U.S. 457, consents to jurisdiction, *Trans World Airlines, Inc. v. Mattox* (1990) 897 F.2d 773 (consent by appearance); *National Equip. Rental v. Szukhent* (1964) 375 U.S. 311 (1964) (express consent), or has enough minimum contacts with the state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington* (1945) 326 U.S. 310, 316. None of these conditions are met here.

California courts may obtain personal jurisdiction when a party has specifically agreed a particular contractual arrangement will be governed by California law. *Pedus Bldg. Servs., Inc. v. Allen,* (2002) 96 Cal.App.4th 152, 116 Cal.Rptr.2d 542; *Berard Construction Co. v. Municipal Court* (1975) 49 Cal.App.3d 710, 122 Cal.Rptr. 825, 832.[1] Smith <u>is not a party to the Dealer Agreement.</u>

Smith clearly has not engaged in substantial activity in California. Smith is a citizen of the United Kingdom and a resident of Scotland. Smith does not own property or conduct any business in California. Smith does not maintain any bank accounts in California. KM cannot show any contacts, let alone substantial, systematic, and continuous contacts, with California which would allow it to exercise jurisdiction without offending traditional notions of justice and fair play. As Smith was not served in California, is not domiciled in California, and does not consent to jurisdiction in California, minimum contacts is the only basis on which the court can exercise jurisdiction.

**B.    Special Jurisdiction.**

If contacts are insufficient for general jurisdiction, a court may exercise specific jurisdiction if the out-of-state party purposefully availed itself of the privilege of conducting activities in the forum state, the cause of action arises out of the forum related activity, and the forum's exercise of jurisdiction is reasonable. *Burger King v. Rudzewicz,* (1985) 471 U.S. 462. While the activity "need not physically take place in the forum state ... the purposeful availment requirement ensures

---

[1] Corporate president who executed a personal guaranty of corporate obligations is <u>not</u> subject to the jurisdiction of the California courts even though the corporation itself consented to such jurisdiction by contract, when the guaranty itself contained no such consent. *Berard Construction Co. v. Municipal Court* (1975) 49 Cal.App.3d 710, 723.

that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts." *Haisten, supra,* 784 F.2d 1397.

In this case the subject Agreement defines Hydrospace Ltd of Aberdeenshire, Scotland as "Dealer". Smith signed the contract as the Managing Director of Hydrospace. Smith did not sign the contract in a personal capacity. KM's illusory allegations are not supported by one fact to present a valid alter ego claim such as to serve as grounds for jurisdiction over Smith.

California law is clear that even if a corporation is subject to the personal jurisdiction of a particular forum, that fact does not confer jurisdiction over the corporation's nonresident officers, agents or employees. *Rollins Burdick Hunter of So. Calif., Inc. v. Alexander & Alexander Servs. Inc.* (1988) 206 Cal.App.3d 1, 9, 253 Cal.Rptr. 338. Each individual defendant must be considered separately in respect to that defendant's relationship to the corporation, to the plaintiff, to the cause of action and to the forum. *Mattel, Inc. v. Greiner & Hausser GMBH* (9th Cir.2003) 354 F.3d 857, 863; *Davis v. Metro Productions, Inc.* (9th Cir.1989) 885 F.2d 515, 522-23; and *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.* (C.D.Cal.1995) 880 F.Supp. 743 (finding jurisdiction over corporation but not its officer).

One California case, *Mihlon v. Superior Court*, holds that,

> "[F]or jurisdictional purposes the acts of corporate officers and directors, in their official capacities, are acts exclusively of (qua) the corporation and are thus not material for purposes of establishing minimum contacts as to individuals. [citations] Implicit in this principle is the consideration that corporations are separate legal entities that cannot speak or act without their designated officers and directors. **Accordingly, acts performed by individuals in such official capacities may not reasonably be attributed to them as individual acts creating personal jurisdiction.**"

*Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 713-716, 215 Cal.Rptr. 442. Accordingly there is no personal jurisdiction over Smith under the "purposeful availment" standard. Smith is the Director of Hydrospace. He signed the contract in that capacity. While Hydrospace may have benefited from its contractual relationship with KM, under the applicable legal standard Smith has not. *Ruger v. Superior Court* (1981) 118 Cal.App.3d 427, 433, 173 Cal.Rptr. 302 (even if

1  individual designed the revolver at issue, it was corporation that introduced it into stream of
2  commerce, so individual has not purposefully availed himself of benefits of California law).
3      If an arbitration agreement is made in California and provides for arbitration to be had within
4  California, the parties are deemed to consent to personal jurisdiction of California courts in
5  proceedings to enforce arbitration and judgment on an award. California *Code of Civil Procedure*
6  §1293. Otherwise, *personal jurisdiction over the parties must be established as required in other*
7  *actions*. Weil & Brown, Cal. Practice. Guide: Civil Procedure Before Trial (TRG), Ch. 3.
8      Central to a person's status as a party to an action is the court's acquisition of personal
9  jurisdiction over the person. *Ikerd v. Warren T. Merrill & Sons* (1992) 9 Cal.App.4th 1833, 1842, 12
10 Cal.Rptr.2d 398. "Personal jurisdiction requires: (1) due process, that is, that there be notice and an
11 opportunity to be heard; and (2) compliance with the statutory jurisdictional requirements of
12 process." *Id.* at 1842. In *Ikerd,* a California arbitration case, the issue was whether an arbitrator had
13 personal jurisdiction over an individual, Merrill, against whom the arbitrator made an award. *Id.* at
14 pp. 1837, 1842. In order for the arbitrator to have personal jurisdiction over Merrill, the Court of
15 Appeal explained, he needed to be named and made a party to the proceeding. *Id.* at pp. 1842-1843.
16 "Not only was Merrill never made a party to the proceeding, he was never personally served with the
17 arbitration demand." *Id.* at p. 1843. As a result, the arbitrator did not have personal jurisdiction over
18 Merrill and, therefore, the trial court could not confirm an arbitration award against him. (*Ibid.*)
19     As an arbitration award, once confirmed, leads to a judgment which has the same force and
20 effect as a judgment in a civil action (California *Code of Civil Procedure* §1287.4), there must be
21 jurisdiction over any person against whom an award is to be made. California *Code of Civil*
22 *Procedure* §1917; *Fazzi v. Peters* (1968) 68 Cal.2d 590, 594, 68 Cal.Rptr. 170; *Southern Cal. Pipe*
23 *Trades Dist. Council No. 16 v. Merritt* (1981) 126 Cal.App.3d 530, 536, 179 Cal.Rptr. 794.
24     As set forth in the accompanying Declaration, Smith did not purposefully avail himself of
25 forum benefits in connection with the transaction that is the subject of the lawsuit. Smith has
26 absolutely no contacts whatsoever with the State of California in relation to this transaction. It
27 would be patently unfair and unreasonable to exert jurisdiction over Smith – a resident of Scotland
28 with no connection to this state whatsoever - and require him to attend to this matter in California.

C. **No Jurisdiction Under Contract.**

In *Letizia v. Prudential Bache Securities, Inc.*, (9th Cir.1986) 802 F.2d 1185, the 9th Circuit Court of Appeals held nonsignatories of arbitration agreements may be bound by the agreement only under a select few contract and agency principles." Among these principles are "1) incorporation by reference; 2) assumption; 3) agency; 4) veil-piercing/alter ego; and 5) estoppel." *Id.* at 1187-88; *Thomson-CSF, S.A. v. Am. Arbitration Ass'n*, (2nd Cir. 1995) 64 F.3d 773, 776. KM has not made a showing of a single ground.

In *Bel-Ray Co. v. Chemrite Ltd.* (3d Cir.1999) 181 F.3d 435 a New Jersey manufacturer, alleging various business torts against its South African distributor, brought suit to compel arbitration in New Jersey based on arbitration agreements entered into by the manufacturer and a predecessor of the distributor. The manufacturer also alleged claims against various officers and directors of the distributor and sought to compel arbitration against them. The distributor and the individual defendants objected to arbitration. The court held the distributor was bound to arbitrate, *Bel-Ray*, 181 F.3d at 440-443; however, the court also held that the individual defendants were not bound to arbitrate as they were not signatories to the arbitration agreements, *Id.* at 444-446. Just as *Bel-Ray* involved nonsignatory agents who sought to avoid their principal's agreement to arbitrate, Smith likewise is requesting court confirmation he is not bound as agent of his disclosed principal.

*Sher v. Johnson* (1990) 911 F.2d 1357, another 9th Circuit case held "Liability and jurisdiction are <u>independent</u>. Liability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum. . . . Regardless of their joint liability, jurisdiction over each defendant must be established individually." *Sher,* 911 F.2d at 1365.

KM's allegation of alter ego is a sham, unsupported by any fact. Conclusory allegations of 'alter ego status are insufficient to state a claim. Rather, a plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each. *Wady v. Provident Life and Accident Co. of America* (C.D.Cal.2002) 216 F.Supp.2d 1060, 1067 ('More pertinent for purposes of the current discussion, none [of the allegations] contains any reference to UnumProvident being the alter ego of Provident. None alleges that UnumProvident treats the assets of Provident as its own,

that it commingles funds with Provident, that it controls the finances of Provident, that it shares officers or directors with Provident, that Provident is undercapitalized, or that the separateness of the subsidiary has ceased. Without such allegations, the issue is not adequately raised, and UnumProvident was not put on notice that this was a theory against which it should be prepared to defend'); See also Hokama v. E.F. Hutton & Co., Inc. (C.D.Cal .1983) 566 F.Supp. 636, 647 ('Defendants further argue that plaintiffs cannot circumvent the requirements for secondary liability by blandly asserting that Madgett, Consolidated, and Frane are "alter egos" of other defendants accused of committing primary violations. This point is well-taken ... If plaintiffs wish to pursue such a theory of liability, they must allege the elements of the doctrine. Conclusory allegations of alter ego status such as those made in the present complaint are not sufficient'). KM's bald statement that 'Hydrospace and Smith are alter egos' does not confer jurisdiction over Smith.

As set forth above Smith has insufficient contacts with California giving rise to general jurisdiction. Smith has not purposefully availed himself of any benefit of California. There is no basis for special jurisdiction. Smith never consented to jurisdiction of the California courts under the Dealer Agreement, or any other contract.

### III. CONCLUSION.

KM filed its Claim in Arbitration in California, despite failing to show that California has jurisdiction over Smith. Smith must not be forced to defend a Claim in California. KM's failure to meet due process requirements must be remedied by this Court quashing the Claim in Arbitration served on Smith. Smith respectfully requests this Court order that Smith is not subject to jurisdiction of the California courts, this Court or the AAA.

Dated: October 2, 2008

HINSHAW & CULBERTSON LLP

John W. Sheller
David C. Hunter
on behalf of Specially Appearing Respondent
DAVID SMITH