1  John W. Sheller (SBN: 67519)
   David C. Hunter (SBN: 208155)
2  HINSHAW & CULBERTSON LLP
   11601 Wilshire Blvd., Suite 800
3  Los Angeles, CA 90025
   T:  310-909-8000
4  F:  310-909-8001

5  Attorneys for Scottish Citizen
   DAVID SMITH

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                    WESTERN DIVISION

| | |
|---|---|
| 10  KIRBY MORGAN INC.,  a California Corporation, | Case No.  CV08-06531 PSG (FFMx) |
| 11 | **EVIDENTIARY OBJECTIONS TO DECLARATION OF CONNIE LYN MORGAN IN SUPPORT OF OPPOSITION TO MOTION TO QUASH** |
| 12         Claimant, | |
| 13         vs. | |
| 14  HYDROSPACE LTD., A Scottish Limited Liability Corporation; DAVID SMITH, an individual resident of Scotland, | DATE:   November 17, 2008<br>TIME:   1:30 p.m.<br>DEPT.:  Roybal, Room 790 |
| 15 | |
| 16 | AAA Arbitration Filed:  September 15, 2008 Arbitration Hearing Date: None Set |
| 17         Respondents. | |
| 18 | No. 55 155 T 00368 08 [International Centre for Dispute Resolution] |
| 19 | |

20

21      **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD**

22  **HEREIN:**

23      COMES NOW Specially appearing Respondent DAVID SMITH ("Smith") and

24  submits the following evidentiary objections to the Declaration of CONNIE LYN

25  MORGAN in Support of KIRBY MORGAN's Opposition to Smith's Petition to

26  Quash for lack of Personal Jurisdiction (the "Morgan Declaration"):

27

28

                              1

| DECLARATION | OBJECTIONS |
|---|---|
| ¶2 at Page 2, Lines 9-11:<br><br>The statement "Kirby Morgan Dive Systems entered into a Dealer Agreement with Smith and Hydrospace on or about June 2003". | ¶2.    Objection, Morgan is not competent to make this statement. **FRE 401, 402 and 701**.  On the face of the Dealer Agreement (Exhibit "A" to the Morgan Declaration) the falsity of her assertion is patent.  Smith is not a party to the Agreement and it is an entire Agreement.  The Agreement contains an integration clause at Page 10, Section 18.2.<br><br>Objection, irrelevant. **FRE 401.** Morgan's statement is not relevant to prove any fact at issue on this motion to quash jurisdiction. *United States v. Boulware* (9th Cir. 2004) 384 F3d 794, 805—evidence must have tendency to prove fact in issue. |

2

31125041v1 891833 68704

| DECLARATION | OBJECTIONS |
|---|---|
| ¶4 at Page 2, Line 26 re Exhibit C to the Morgan Declaration.<br><br>Morgan's proffered Exhibit "C" which is an email from another customer accusing Hydrospace of misconduct is itself <u>inadmissible</u>. The email is hearsay. It is a document without any foundation as to its authenticity. | ¶4.    <u>Objection</u>, hearsay.  **FRE 801, 802.** The email attached as Exhibit "C" is a written statement  made by the declarant outside of Court offered in evidence to prove the truth of the matter asserted.<br><br><u>Objection</u>, Morgan does not have personal knowledge of the testimony under **FRE 901(b)(1).**  It is a document without any foundation as to its authenticity [Exhibit "C"].  **FRE 602** states a witness may not testify to a matter unless she has personal knowledge of that matter.<br><br><u>Objection</u>, lack of personal knowledge. Morgan attempts to testify to a fact she learned from another person.  *Kaczmarek v.* |

31125041v1 891833 68704

| DECLARATION | OBJECTIONS |
|---|---|
|  | *Allied Chemical Corp.* (7th Cir. 1987) 836 F2d 1055, 1060–1061. <u>Objection</u>, lack of personal knowledge. **FRE 602** states a witness may not testify to a matter unless he has personal knowledge of that matter. The email itself shows that the author is not competent to make the statement proffered "I was not at the show but a picture taken by one of my (unidentified) work colleagues and which was forwarded to me, I thought you might find of interest." [See Declaration, page 2, paragraph 4, line 26 re Exhibit "C"]. *Kaczmarek v. Allied Chemical Corp., supra.* |
| ¶5 at Page 3, Exhibit "D": Exhibit "D" to the Morgan | ¶5.    <u>Objection</u>, hearsay. **FRE 801, 802.** The email attached as Exhibit |

4

**OBJECTIONS TO MORGAN DECLARATION**

| DECLARATION | OBJECTIONS |
|---|---|
| Declaration    is inadmissible, irrelevant self-serving hearsay. | "D" is a self-serving written statement  "[W]e heard about some dealings between Hydrospace and Submarine Systems Limited and/or the principal individual owners that had taken place in secret" is made by the declarant outside of Court offered in evidence to prove the truth of the matter asserted.<br><br>Objection, irrelevant. **FRE 401**. The proffered "evidence" (Exhibit "D" is patently irrelevant to the question of alter ego liability of Smith for the Dealer Agreement between Kirby Morgan and Hydrospace. *United States v. Boulware* (9th Cir. 2004) 384 F3d 794, 805—evidence must have tendency to prove fact in issue. |

5

**OBJECTIONS TO MORGAN DECLARATION**

31125041v1  891833  68704

| DECLARATION | OBJECTIONS |
|---|---|
| ¶5 at Page 3, Line 3:<br><br>Morgan's statement that "Smith and Hydrospace would be underhandedly competing". | ¶5    Objection, calls for speculation; and an assertion without any foundation.<br><br>Objection, Morgan is not competent to make this statement. **FRE 701**, *SEC v. Infinity Group Co.* (3rd Cir. 2000) 212 F3d 180, 197—lay opinion excluded where witness had no personal knowledge of investments in question.<br><br>Objection, Morgan does not have personal knowledge of any "underhanded competition" by anyone as required under **FRE 901(b)(1).  FRE 602** states a witness may not testify to a matter unless she has personal knowledge of that matter.<br><br>Objection, irrelevant. FRE |

**OBJECTIONS TO MORGAN DECLARATION**

31125041v1 891833 68704

| DECLARATION | OBJECTIONS |
|---|---|
| | 401. The proffered "evidence" does nothing to prove any fact at issue on this motion to quash jurisdiction. *United States v. Boulware* (9th Cir. 2004) 384 F3d 794, 805—evidence must have tendency to prove fact in issue. |
| ¶5 at Page 3, Line 8:<br><br>Morgan's statement "Smith's purchase of manufacturing rights from a competing company". | ¶5     Objection, hearsay. **FRE 801, 802.** The statement is made by the declarant outside of Court offered in evidence to prove the truth of the matter asserted.<br><br>Objection, Morgan does not have personal knowledge of any "purchase of manufacturing rights from a competing company" by anyone as required under **FRE 901(b)(1). FRE 602** states a witness may not testify to a matter |

7

| DECLARATION | OBJECTIONS |
|---|---|
| | unless she has personal knowledge of that matter.<br><br>    Objection, irrelevant. **FRE 401**. The proffered "evidence" does nothing to prove any fact at issue on this motion to quash jurisdiction. *United States v. Boulware* (9th Cir. 2004) 384 F3d 794, 805—evidence must have tendency to prove fact in issue. |
| ¶5 at Page 3, Line 7, Exhibit "F":<br><br>    Exhibit "F" is self-serving hearsay, incompetent and irrelevant to prove any fact at issue on this motion to quash.  It has nothing to do with alter ego and in fact does not mention Smith at all. | ¶5    Objection, hearsay. **FRE 801, 802.** The email attached as Exhibit "F" is a written statement  made by a declarant outside of Court offered in evidence to prove the truth of the matter asserted.    Objection, Morgan is not competent to make this statement. No personal knowledge of Smith "withholding |

**OBJECTIONS TO MORGAN DECLARATION**

31125041v1 891833 68704

| DECLARATION | OBJECTIONS |
|---|---|
| | customer lists". **FRE 701**, *SEC v. Infinity Group Co.* (3rd Cir. 2000) 212 F3d 180, 197—lay opinion excluded where witness had no personal knowledge of investments in question.<br><br>Objection, irrelevant. **FRE 401.** The proffered "evidence" does nothing to prove any fact at issue on this motion to quash jurisdiction. *United States v. Boulware* (9th Cir. 2004) 384 F3d 794, 805—evidence must have tendency to prove fact in issue. |

Dated: November 9, 2008

HINSHAW & CULBERTSON LLP

John W. Sheller
David C. Hunter
on behalf of Specially Appearing
Respondent
DAVID SMITH

9

31125041v1 891833 68704

# PROOF OF SERVICE

***Kirby Morgan v. Hydrospace***
United State District Court (Central District)
Case No. CV08-06531 PSG (FFMx)

I am a citizen of the United States and employed in Los Angeles, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On November 10, 2008, I served the document(s) entitled, **EVIDENTIARY OBJECTIONS TO DECLARATION OF CONNIE LYN MORGAN IN SUPPORT OF OPPOSITION TO MOTION TO QUASH,** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

**Richard A. Lesser, Esq.**
**Lesser & Associates**
**A Professional Law Corporation**
1 Pearl Street
Redondo Beach, CA 90277
Phone: (310) 374-4808
Fax: (310) 372-7715
Email: lesser@divelaw.com

**Daniel M Cislo, Esq.**
**Cislo & Thomas LLP**
1332 2nd Street Suite 500
Santa Monica, CA 90401
310-451-0647
310-394-4477 (fax)
Email: dancislo@cislo.com

**Carolina S. Machado**
**International Case Manager**
1633 Broadway, 10th Floor
New York, NY 10019
Phone: (212) 484-4181
Fax: (212) 246-7274
Email: MachadoC@adr.org

**[ X] (VIA OVERNIGHT MAIL):** I deposited such envelope to be placed for collection and handling via UPS following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for UPS. On the same day that material is placed for collection, it is picked by UPS at Los Angeles, California.

**[ X] (BY E-MAIL OR ELECTRONIC TRANSMISSION):** I caused the documents to be to be sent to the person(s) at the email address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the above true and correct and was executed on November 10, 2008, at Los Angeles, California.

_Robin Mojica_
Robin Mojica

OBJECTIONS TO MORGAN DECLARATION        31125041v1 891833 68704

1

## PROOF OF SERVICE

2

*Kirby Morgan v. Hydrospace*
United State District Court (Central District)
Case No. CV08-06531 PSG (FFMx)

3

4
        I am a citizen of the United States and employed in Los Angeles, California, at
the office of a member of the bar of this Court at whose direction this service was

5
made. I am over the age of 18 and not a party to the within actions; my business
address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

6

7
        On November 10, 2008, I served the document(s) entitled, **EVIDENTIARY
OBJECTIONS TO DECLARATION OF CONNIE LYN MORGAN IN
SUPPORT OF OPPOSITION TO MOTION TO QUASH,** on the interested parties

8
in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed
as stated below:

9

10
**Richard A. Lesser, Esq.**                    **Daniel M Cislo, Esq.**
**Lesser & Associates**                        **Cislo & Thomas LLP**

11
 **A Professional Law Corporation**            1332 2nd Street Suite 500
1 Pearl Street                                 Santa Monica, CA 90401

12
Redondo Beach, CA 90277                        310-451-0647
Phone: (310) 374-4808                          310-394-4477 (fax)

13
Fax: (310) 372-7715                            Email: dancislo@cislo.com
Email: lesser@divelaw.com

14

15
**Carolina S. Machado**

16
**International Case Manager**
1633 Broadway, 10th Floor

17
New York, NY 10019
Phone: (212) 484-4181

18
Fax: (212) 246-7274
Email: MachadoC@adr.org

19

20
        **[ X] (VIA OVERNIGHT MAIL):**   I deposited such envelope to be placed
for collection and handling via UPS following our ordinary business practices. I am

21
readily familiar with this business' practice for collecting and processing
correspondence for UPS. On the same day that material is placed for collection, it is

22
picked by UPS at Los Angeles, California.

23
        **[ X] (BY E-MAIL OR ELECTRONIC TRANSMISSION):**  I caused the
documents to be to be sent to the person(s) at the email address(es) listed above. I did

24
not receive, within a reasonable time after the transmission, any electronic message or
other indication that the transmission was unsuccessful.

25
        I declare under penalty of perjury under the laws of the United States that the

26
above true and correct and was executed on November 10, 2008, at Los Angeles,
California.

27
                                        _Robin Mojica_

28
                                        _____
                                        Robin Mojica

**REPLY BRIEF IN SUPPORT OF PETITION TO QUASH**

31124957v1 891833 68704