O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

Not Present                                                Not Present

**Proceedings:**     (In Chambers) Order Dismissing Defendant's Petition

     Pending before the Court is Defendant David Smith's Petition to Quash Claim in Arbitration for Lack of Personal Jurisdiction. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After reviewing the moving and opposing papers, the Court hereby DISMISSES Defendant's Petition for lack of subject matter jurisdiction.

I.     BACKGROUND

     Plaintiff Kirby Morgan ("Kirby Morgan") develops commercial diving helmets, masks, and related dive equipment. On June 23, 2003, Kirby Morgan entered into a dealer agreement with Hydrospace, Inc. ("Hydrospace"). More precisely, on that day, Steve Kushner, president of Kirby Morgan, and David Smith ("Smith"), the managing director of Hydrospace, signed an agreement ("Agreement") on behalf of their respective companies, which, inter alia, authorized Hydrospace to promote, market, sell and service Kirby Morgan products in the British Isles. This Agreement also prohibited Hydrospace from "participat[ing], directly or indirectly, in the design, manufacturing, or production of any products or services competitive in any respect with the [Kirby Morgan] Products distributed now or hereafter under th[e] Agreement . . . ." *See Morgan Decl. Ex. A*, ¶ 6.2.

     According to Kirby Morgan, sometime prior to July 24, 2008, it learned that Hydrospace had purchased the manufacturing rights to competing commercial diving helmets and a diving mask that are substantially similar to Kirby Morgan's products. This conduct, Kirby Morgan contends, constituted breach of the aforementioned Agreement and led Kirby Morgan to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

terminate the contract on or about July 24, 2008.

On September 4, 2008, Kirby Morgan filed a Demand for Arbitration, which was entered by the International Centre for Dispute Resolution on September 15, 2008, and which names Hydrospace and Smith as respondents.[1] Then, on October 3, 2008, Smith, specially appearing, filed the present "Petition to Quash Claim in Arbitration for Lack of Personal Subject Matter Jurisdiction" ("Petition").[2] Oral argument on Smith's Petition was originally set for November 17, 2008. However, after reviewing the moving and opposing papers, the Court raised *sua sponte* the issue of a lack of subject matter jurisdiction and requested supplemental briefing on the following two questions:

> 1. What authority provides the Court with subject matter jurisdiction to entertain this petition?
>
> 2. Should the issue of personal jurisdiction be addressed by the American Arbitration Association or another tribunal (*i.e.*, is this matter properly before this Court)?

---

[1] According to Kirby Morgan, the Demand was filed in accordance with an arbitration provision in the Agreement, which provides:

> Any controversy, claim or dispute arising out of or relating to this Agreement (except at the option of either party for any application for injunctive relief within the scope of Paragraph 6 of this Agreement) shall be finally settled by conciliation or arbitration at Santa Barbara, California under the rules of the American Arbitration Association and judgment upon the award rendered may be entered in any court having jurisdiction. In this regard, the parties submit to the personal subject matter jurisdiction of the State of California. EACH PARTY HERETO KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVES ANY RIGHT TO A TRIAL BY JURY OF ANY DISPUTE RELATING TO THIS AGREEMENT AND AGREES THAT ANY SUCH ACTION SHALL BE ADJUDICATED BY AN ARBITRATOR AND WITHOUT A JURY.

Morgan Decl. Ex. A, ¶ 16.

[2] It is Smith's position that neither this Court nor the American Arbitration Association ("AAA") has personal jurisdiction over him. Consequently, he urges this Court to quash the claim in Arbitration that was served on him. Kirby Morgan, on the other hand, argues that the Court should deny Smith's Petition because, although Smith may be a "nonsignatory" to the Agreement, he is nonetheless bound to arbitrate under an agency theory and/or an alter ego theory.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

*See Order Requesting Supplemental Briefing and Continuing Hearing* (Nov. 13, 2008).

Both parties timely submitted their briefs to the Court. In Smith's briefs, he argues that the Court has diversity jurisdiction over this matter. By contrast, Kirby Morgan first argues that Smith has failed to demonstrate that this case meets the amount-in-controversy requirement found in 28 U.S.C. § 1332. Accordingly, this Court does not have subject matter jurisdiction based on diversity. Then, Kirby Morgan argues that while the Federal Arbitration Act ("FAA") can apply to confer subject matter jurisdiction, applying the "plain language of the FAA and the Convention to the facts here, there is no statutory basis for bringing a petition to quash a claim in arbitration in this Court."

II.  LEGAL STANDARD

Federal Courts are courts of limited jurisdiction with no "inherent" subject matter jurisdiction; they can adjudicate only those cases that the Constitution and Congress empower them to adjudicate. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Accordingly, the lack of subject matter jurisdiction may be raised at any time; it cannot be waived and the court is obliged to address the issue on its own motion. See Fed. R. Civ. P. 12(h)(3); *Carlisle v. United States*, 517 U.S. 416, 434-35, 116 S. Ct. 1460, 134 L. Ed. 2d 613 (1996) (Ginsburg, J., concurring). Once jurisdiction is challenged, the party asserting subject matter jurisdiction has the burden of proving its existence. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

Under Federal Rule of Civil Procedure Rule 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of jurisdictional fact). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citing 2 James W. Moore, Moore's Federal Practice § 12.30 [4] (3d ed. 1999)). Dismissal for a *facial* challenge to jurisdiction is proper only when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682-83, 66 S. Ct. 773, 90 L. Ed. 939 (1946). In making this determination, the court must accept as true the allegations contained in the complaint. *See White*, 227 F.3d at 1242. By contrast, with a factual attack, the court is not confined to allegations in the complaint, but can consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction. *Id.* In such a situation, no presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. *Id.*

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

III.    DISCUSSION

According to Smith, diversity jurisdiction exists in this case. Kirby Smith contends, on the other hand, that both diversity jurisdiction and federal question jurisdiction are lacking.

    A.    Whether the Court Has Diversity Jurisdiction over This Action

The Court first considers whether it has diversity jurisdiction over this matter. Diversity jurisdiction exists only when there is complete diversity between the plaintiffs and the defendants and the amount-in-controversy requirement has been met. *Owens Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978). In order to achieve complete diversity, no party plaintiff may be a citizen of the same state as any of the defendants. *Id.* at 373. In comparison, to meet the amount-in-controversy requirement, the "matter in controversy [must] exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).

        1.    Complete Diversity

Smith argues that there is complete diversity in this case. Kirby Morgan apparently concedes this point. *See Kirby Morgan Response*, 14-15. However, as is explained in more detail below, the Court finds that even in light of this concession, Smith has failed to establish that complete diversity exists.

Under 28 U.S.C. § 1332(c), a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business[.]" Despite carrying the burden to establish the citizenship of the parties, *Emrich*, 846 F.2d at 1195, Smith has only blankly claimed that Kirby Morgan is a California corporation. *See Smith Response*, 2:10-11. This allegation is insufficient for two reasons. First, the allegation does not acknowledge the all-important distinction between a corporation's state of incorporation and its principal place of business ("PPOB"). *See* 28 U.S.C. 1332(c). Second, this allegation is nothing more than an unsubstantiated conclusion. As the Ninth Circuit once put it, "Nothing is to be more jealously guarded . . . than [a court's] jurisdiction." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988). Accordingly, in determining the citizenship of parties, this Court demands much

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

more than unsubstantiated, conclusory allegations.  This is true even when these allegations are consistent on both sides of the lawsuit.[3]

In summary, the Court finds that Smith's allegations, even when combined with Kirby Morgan's concession, fail to establish Kirby Morgan's citizenship.

For similar reasons, the Court also cannot conclude that Hydrospace is a citizen of the United Kingdom.[4]  Generally speaking, a corporation created under the laws of a foreign state is deemed a citizen or subject of the foreign state.  *JP Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure, Ltd.*, 536 U.S. 88, 91, 122 S. Ct. 2054, 153 L. Ed. 2d 95 (2002).  Although the Supreme Court has not yet decided the point, the Ninth Circuit has held that alien corporations are subject to 28 U.S.C. § 1332(c).  *Danjaq, S.A. v. Pathe Communc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992).  Therefore, in determining a foreign corporation's citizenship for jurisdictional purposes, district courts must assess both its state of incorporation and its PPOB.  *Id.*

Smith has provided evidence that substantiates his claim that Hydrospace is incorporated under the laws of Scotland.  *See Smith Decl. in Support of Petition to Quash* ¶ 3.  However, he has not provided any evidence of Hydrospace's PPOB.  *See Danjaq, S.A.*, 979 F.2d at 773; *Emrich*, 846 F.2d at 1195.  Accordingly, the Court finds that it cannot determine that Hydrospace is solely a foreign citizen.

For the foregoing reasons, the Court concludes that Smith has failed to establish that complete diversity exists in this matter.

     2.    <u>Amount-in-Controversy</u>

As complete diversity does not exist in this case, the Court need not determine whether Smith has met the amount-in-controversy requirement.

---

[3] The Court realizes that Kirby Morgan concedes that there is complete diversity in this case.  *See Kirby Morgan Response*, 4:14-15.  However, it is unclear whether this concession has taken into consideration Kirby Morgan's and Hydrospace's PPOBs.  For that reason alone, the Court is unwilling to grant any evidentiary value to Kirby Morgan's concession.

[4] The Court can, by contrast, conclude that Smith is a citizen of the United Kingdom, as there is evidence on this point.  *See Smith Decl. in Support of Petition to Quash* ¶ 1 ("I, David Smith, am a citizen of the United Kingdom . . . .").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

  B. <u>Whether Federal Question Jurisdiction Exists in this Case</u>

  The Court next considers whether there is federal question jurisdiction in this case. The only federal statute at hand here is the FAA, which contains two chapters that are relevant to this Order. The first, Chapter One, contains general provisions and applies where a "contract evidencing a transaction involving commerce" includes an provision "to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . ." 9 U.S.C. § 2. Chapter Two, by contrast, incorporates the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"). *See id.* at §§ 201-208. However, for the reasons that follow, the Court finds that the FAA does not confer subject matter jurisdiction in this instance.

  The Court lacks subject matter jurisdiction under Chapter One of the FAA. This is because Chapter One of the FAA only creates federal substantive law; it does not "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise." *Southland Corp. v. Keating*, 465 U.S. 1, 16, 104 S. Ct. 852, 79 L. Ed. 2d 1 (1984); a*ccord Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 883 (9th Cir. 1993).

  The Court also lacks subject matter jurisdiction under Chapter Two of the FAA. In contrast to Chapter One, Chapter Two *is* an independent source of federal question jurisdiction under 28 U.S.C. § 1331. *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."). However, Chapter Two does not allow the Court to entertain the instant Petition. Chapter Two provides for two types of claims in federal district courts: (1) an action to compel arbitration pursuant to an arbitration agreement reached pursuant to the New York Convention, 9 U.S.C. § 206; and (2) an action to confirm an arbitral award against any other party to an arbitration made pursuant to an agreement falling under the New York Convention, *id.* at § 207. Here, Smith is not seeking to compel arbitration or confirm an award. Thus, since Chapter Two grants subject matter jurisdiction in only these two limited instances, and since neither of them applies here, the Court must conclude that it is without subject matter jurisdiction to entertain the instant Petition. *See* New York Convention, art. 2(3), Sept. 1, 1970, 21 U.S.T. 2517 (stating that a court "shall, at the request of one of the parties, refer the parties to arbitration"); New York Convention, art. 3(1), Sept. 1, 1970, 21 U.S.T. 2517 (mandating that a court "shall recognize arbitral awards as binding and enforce them in accordance with the rules of procedure of the territory where the award is relied upon"); 9 U.S.C. §§ 206-207.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6531 PSG (FFMx) | Date | January 2, 2009 |
|---|---|---|---|
| Title | Kirby Morgan, Inc. v. Hydrospace, Ltd. | | |

In summary, the Court finds that it lacks federal question subject matter jurisdiction in the instant matter.

IV.     CONCLUSION

Based on the foregoing, the Court finds that it lacks subject matter jurisdiction in this case.  Therefore, the Court DISMISSES this action, without prejudice.

**IT IS SO ORDERED.**